## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RYAN DEMRO | : | |
| 1810 Coe's Post Run | : | |
| Westlake, OH 44145 | : | |
| | : | CASE NO. 1:19-cv-954 |
| Plaintiff, | : | |
| | : | JUDGE |
| v. | : | |
| | : | |
| Constellation Schools LLC | : | |
| c/o Agent, Richard Lukich | : | **Jury Demand Endorsed Hereon** |
| 5730 Broadview Road | : | |
| Parma, OH 44134 | : | |
| Defendant. | : | |

## COMPLAINT

NOW COMES Plaintiff Ryan Demro ("Plaintiff") and proffers this Complaint for damages against Defendant Constellation Schools LLC. ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to 38 U.S.C. §4311(a) *et seq.*- the Uniformed Services Employment and Reemployment Rights Act ("USERRA").

2. This Court has jurisdiction over this action by virtue of 28 U.S.C. §1331 and 38 U.S.C. §4323(b).

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b) and 38 U.S.C. §4323(c)(2) because the claim arose in the Northern District of Ohio, where at all times material herein Defendant has maintained a place of business at which Plaintiff worked.

## THE PARTIES

4. Plaintiff Ryan Demro is a resident of Cuyahoga County, Ohio, who was employed by Defendant from August 6, 2018 to February 28, 2019.

5. At the time of his termination, he was employed as the Principal of West Park Community Middle School in Cleveland, Ohio.

6. At all times material, he was an employee of Defendant as that term is defined by USERRA, 38 U.S.C. 4303(3).

7. Defendant Constellation Schools LLC is Limited Liability Company, registered to do business in Ohio.

8. At all times material, Defendant was an employer as that term is defined by USERRA, 38 U.S.C. 4303(4)(A).

## FACTUAL BACKGROUND

9. Plaintiff Ryan Demro began working for Defendant on or about August 6, 2018.

10. At the time of his termination on or about February 28, 2019, he was the Principal of the West Park Community Middle School in Cleveland, Ohio.

11. At all relevant times, Plaintiff was a member of the United States Army Reserve. The United States Army is one of the "uniformed services" covered by USERRA, 38 U.S.C. 4303(16).

12. At all relevant times, Plaintiff participated, at minimum, in mandatory Army training drills one weekend every month and annual training once per year; and said participation constituted "service in the uniformed services" within the meaning of 38 U.S.C. 4303(13).

13. Service (including training activity) in the uniformed services constitutes protected activity, under USERRA.

14. Action undertaken by an employee in furtherance or protection of the rights afforded under USERRA also constitutes protected activity under USERRA.

15. At all relevant times, Defendant was aware of Plaintiff's military status.

16. Throughout his employment with Constellation Schools, Plaintiff only received positive feedback, had no disciplinary action and established excellent rapport and relationships with parents.

17. From 2/21/2019 to 2/26/2019, Plaintiff attended a mandatory military exercise in Texas. Plaintiff provided Defendant with advance notice of this training and it was well aware that he had to attend it.

18. Two days after returning from this military exercise, Plaintiff was terminated.

19. When Plaintiff returned from this military exercise, Plaintiff was acting as a substitute teacher for a teacher who was absent.

20. The Director of Human Resources, Ms. Kim Petonic, was waiting for Plaintiff when he returned to his office. Ms. Petonic told him that his employment was terminated.

21. Prior to this, Plaintiff had never been informed of any alleged performance concerns from Constellation Schools, nor had he received any formal or informal disciplinary action.

22. Mr. Demro was terminated one month before he was supposed to leave for an approved military training in Germany.

23. In the termination meeting, Plaintiff was given a document that lists the alleged reasons for his termination, none of which are legitimate and most of which he can prove are patently false.

24. For example, he was accused of not fostering teamwork amongst the staff but his most recent performance reviews state that the staff felt supported by him.

25. Additionally, Defendant also accused Plaintiff of failing to communicate with a family on February 25, 2019, allegedly almost causing the family to withdraw their student from the school.

26. Interestingly, Plaintiff was on military leave on February 25, 2019.

27. Defendant has a progressive disciplinary policy that it did not follow with regard to Plaintiff's termination, as he was never written up, counseled or even spoken to about his alleged poor performance prior to being terminated.

28. Defendant discriminated against Plaintiff because of his military status and retaliated against him for taking military leave. This is evident by the very close proximity between Plaintiff's return from military leave and the termination, coupled with the fact that he was leaving for another military training shortly after he was terminated.

29. The reasons for Plaintiff's termination are not legitimate and are pretext for discrimination.

30. Defendant took adverse action against Plaintiff, including discharge, at least in part because of his engagement in activity protected under USERRA, 38 U.S.C. 4311.

## COUNT I

### USERRA violation

31. The preceding paragraphs are realleged and reincorporated as if fully rewritten herein.

32. By reason of the foregoing acts and omissions, and in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. 4311(a) and/or (b), Plaintiff Ryan Demro has been denied his rights to retention in employment and/or to be free from retaliation for taking action to protect his right to retention in employment,

4


proximately resulting in reasonably foreseeable damages, in an amount greater than $75,000, in terms of: loss of salary and value of benefits to date of trial ("Back Pay") and, potentially, thereafter ("Front Pay"); mental anguish and emotional distress (requiring professional care and treatment); humiliation and disparagement of reputation; impairment and diminution of future earning capacity and career prospect; and general loss of enjoyment of life, all warranting an award of general compensation ("Compensatory Damages"); and an equal amount as liquidated damages ("Liquidated Damages"), which ought to be awarded against Defendant because of its intentional, malicious, willful, wanton and/or reckless violations of Plaintiff's rights.

## COUNT II

### Violation of 41 ORC §4112.02(A)

33. The preceding paragraphs are realleged and incorporated herein.

34. By reason of the foregoing acts and omissions, it was unlawful discriminatory practice for Defendant to discharge Plaintiff Demro because of his military status, without cause, or otherwise to discriminate against him with respect to any matter directly or indirectly related to employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Trial by jury, pursuant to Fed. R. Civ. P. 38 and U.S. Const., Amend. 7 on all issues of law;

B. Judgment against Defendant for damages in an amount greater than $300,000.00;

C. Judgment for Plaintiff, in accordance with each Count hereof, for said sums of Back and Front Pay, plus prejudgment interests and costs, as well as reasonable attorneys' and expert witness' fees and expenses under USERRA; and

D. Such other relief and redress as the Court may deem appropriate.

Respectfully submitted,

/s/ Rachel A. Sabo, Esq.
Rachel A. Sabo (089226)
(*Rachel@thefriedmannfirm.com*)
Peter G. Friedmann (0089293)
(*Pete@thefriedmannfirm.com*)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, Ohio 43207
Telephone: 614-610-9756
Fax: 614-737-9812

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ Rachel A. Sabo, Esq.
Rachel A. Sabo (089226)